## Commonwealth v. Adams Express Company.

(Decided January 16, 1919.)

### Appeal from Whitley Circuit Court.

1. Intoxicating Liquors—Actions for Penalties.—In a penal action brought by the Commonwealth to recover of an express company a fine for the violation of a statute, in order to state a cause of action, the petition must contain substantially the same allegations of fact that would be required in stating the same offense in an indictment under the statute.

2. Intoxicating Liquors—Carrying Into Prohibited Territory—Record. —Where in such action the offense alleged was (1) failure of the

carrier to keep the book required of it by section 2569b, subsection 3, Kentucky Statutes, containing truthful statements and showing the receipt and delivery of liquors; (2) failure to keep such book open to public inspection during business hours of the carrier; and that it refused the request of a person named to be permitted to inspect the book, the action of the trial court in sustaining a general demurrer to the petition was not error. In order to state a cause of action the petition should have alleged the receipt and delivery of intoxicating liquors by the carrier requiring the keeping of such book; and that the request of the person named to be permitted to inspect the book was made to and refused by the carrier during business hours. As these allegations were not made, the petition was fatally defective.

CHARLES H. MORRIS, Attorney General, and J. B. SNYDER for appellant.

LAWRENCE MAXWELL, JOS. S. GRAYDON and TYE & SILER for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This appeal comes to us from the Whitley circuit court, and is prosecuted from a judgment of that court sustaining a demurrer filed to the petition by appeellee in a penal action brought against it by the appellant, Commonwealth of Kentucky, to recover a fine of $200.00 for an alleged violation by it of section 2569b, subsection 3, Kentucky Statutes. The only question presented by the appeal for our decision is, does the petition state a cause of action?

Subsection 3, section 2569b, provides: "All railroad, express or other transportation companies within the state, or doing business within this state, are hereby required to keep at each local office in territory within which the sale of intoxicating liquors for beverage purposes is prohibited by any law, a separate book, in which shall be entered immediately upon receipt thereof, truthful statements of the amount and kind of liquor received, the name and address of the consignor, the name and address of the consignee, the purpose for which said liquor is intended to be used, as stated upon the outside of the package containing such liquor; the date when received, the date when delivered, and by whom and to whom delivered; after which record shall be a blank space in which the consignee, by himself or his agent, shall be required to sign his true name before such liquors are delivered to such consignee or his agent,

which book shall be open to public inspection at any time during the business hours of said company. Such book shall constitute *prima facie* evidence as to the facts therein stated and be admissible as evidence in any court in this state. Any railroad, express or other transportation company, or any employe or agent thereof who fails, neglects or refuses to comply with the provisions of this section, or who makes or causes to be made, any false entry in said book, shall be deemed guilty of a misdemeanor, and for each offense shall be punished by a fine of not less than fifty dollars, nor more than two hundred dollars, or imprisonment in the county jail not less than thirty days nor more than six months, or both such fine and imprisonment, in the discretion of the jury.''

It will readily be seen that the failure of the carrier to obey any of the several mandatory provisions of the statute, *supra,* will subject it to the penalty imposed by its terms, whether it be a failure to keep the required book at a local office in territory where the sale of liquors is prohibited; to make any one of the entries required; or to keep the book open to public inspection during business hours. In a penal action brought by the Commonwealth to recover the penalty prescribed by the statute for its violation, in order to state a cause of action, the petition must contain substantially the same averments that would be required for the statement of the same offense in an indictment under the statute.

It is a necessary ingredient of the offense charged in the petition that there should have been a shipment or shipments and delivery by appellee of spirituous, vinous or malt liquor in the prohibited territory; otherwise the keeping of the book required by the statute would be unnecessary; and it is a fundamental rule of criminal as well as civil pleading, that a fact necessary to be proved must be alleged in the pleading. Therefore, if in a penal action the petition omits to allege a fact or facts constituting an essential ingredient of the offense for which the penalty is sought to be recovered, such omission will render the petition bad on demurrer.

The petition in this case alleged in general terms a violation of the statute by appellee in the following particulars:

(1) The failure of the appellee to keep the book in which should be entered, immediately upon receipt thereof, truthful statements, etc., showing the receipt and delivery of liquors: (2) the failure to keep such book open

to public inspection at any time during the business hours of the company. Obviously, in order to establish appellee's guilt of either of these offenses it is necessary that it be made to appear liquors were received and delivered by appellee or its agent at the local ofice of the former in the prohibited territory. Unless and until liquors have been so received there can be no obligation or duty upon appellee to keep or provide the book or to enter therein the transactions with respect to the reception and delivery of liquors required by the statute. It is, perhaps, sufficiently alleged in the petition that appellee had a book for keeping a record of the liquors that might be received or delivered by it, but it is not explicitly alleged therein that it had either received or delivered any spirituous, vinous or malt liquors; and if no such liquors were received or delivered by it, its failure to keep a book containing entries necessary to show transactions such as are here charged, or the keeping of it open for public inspection during business hours, was not required by the statute. In other words, if it neither received nor delivered such liquors, appellee could not have been guilty of the offense or offenses charged in the petition.

Not only is the petition fatally defective in the particular indicated, but it is equally so in failing to allege that the inspection of the book requested by and refused to J. P. Hickey occurred during business hours. While it is true the petition avers that appellee "did unlawfully fail and refuse to keep open for public inspection during business hours of said defendant company, at its local office, at Wofford, a separate book, etc," it fails to allege that the inspection requested by Hickey and refused by appellee was during the business hours of the company.

As the defects in the petition already pointed out authorized the judgment of the circuit court sustaining the demurrer thereto, we are relieved of the duty of deciding other questions raised by the brief of counsel for appellant; hence those questions are not passed on.

Judgment affirmed.